[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 15-11457; 15-14333
Non-Argument Calendar

_____

Agency No. A206-528-865

ROBERTO BAUTISTA-GARCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

(February 27, 2017)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges

PER CURIAM:

Roberto Bautista-Garcia, an alien previously convicted of possession of a controlled substance, filed two petitions for review challenging the Board of Immigration Appeals' (BIA) orders:  (1) affirming the Immigration Judge's (IJ) denial of his claims for withholding of removal and Convention Against Torture relief, and finding him ineligible for humanitarian asylum; and (2) denying his motion to reopen removal proceedings both as untimely and alternatively on the merits.  We consolidated the petitions for purposes of appeal, and address each petition in turn.  After review, we deny the petition in part and dismiss in part.

## I.  HUMANITARIAN ASYLUM

 In his first petition for review, Bautista-Garcia contends the BIA failed to give reasoned consideration to his humanitarian asylum claim because it wholly failed to address his claim that he would suffer "other serious harm" if returned to Guatemala.

As an initial matter, Bautista-Garcia does not dispute his cocaine possession conviction triggers the criminal alien bar.  8 U.S.C. §§ 1252(a)(2)(C), 1182(a)(2)(A)(i)(II) (stating we lack jurisdiction to review any final removal order against an alien who is removable by reason of having committed a controlled substance offense).  If the criminal alien jurisdictional bar applies, we nonetheless retain jurisdiction to consider constitutional challenges and questions of law arising out of the alien's removal proceedings.  8 U.S.C. § 1252(a)(2)(D).

We have jurisdiction to review the legal question of whether the BIA gave reasoned consideration to Bautista-Garcia's arguments regarding humanitarian asylum. *See Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1231 (11th Cir. 2013) (explaining the question of whether the BIA gave reasoned consideration to a petitioner's claims is a question of law). However, to the extent he disputes the BIA's factual findings or the weight and significance the BIA gave to each piece of evidence, we lack jurisdiction to review these types of challenges. *Id.* at 1232 (stating the review of whether the agency gave reasoned consideration to a petition does not provide us with jurisdiction to review whether sufficient evidence supports the agency's decision, and we still "lack jurisdiction to review petitions that contest the weight and significance given [by the Board] to various pieces of evidence" (quotations omitted)).

The BIA must consider all evidence that an applicant has submitted. *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). Where the BIA has given reasoned consideration to the petition, and made adequate findings, we will not require the BIA address specifically each claim made by the petitioner or each piece of evidence presented. *Id.* The BIA "must consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (quotations omitted).

3

Humanitarian asylum allows the agency to grant asylum to an alien who suffered past persecution even when the presumption of a well-founded fear of future persecution has been rebutted by the government. *See* 8 C.F.R. § 1208.13(b)(1)(ii). An alien applicant may be granted humanitarian asylum if:

> (A) The applicant has demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of past persecution; or

> (B) The applicant has established that there is a reasonable possibility that he or she may suffer other serious harm upon removal to that country.

*See id.* § 1208.13(b)(1)(iii)(A), (B).

The BIA gave reasoned consideration to Bautista-Garcia's claim for humanitarian asylum because the BIA "consider[ed] the issues raised and announce[d] its decision in terms sufficient to enable a reviewing court to perceive that it has heard and though and not merely reacted." *Tan*, 446 F.3d at 1374. First, while Bautista-Garcia's brief to the BIA did cite both the "severity of past persecution" and "other serious harm" provisions for humanitarian asylum relief, his arguments were solely based on his past persecution and its severity and effects, which the BIA addressed in its decision. Further, Bautista-Garcia points to no specific argument or evidence the BIA overlooked or failed to address. The BIA addressed the arguments presented in Bautista-Garcia's brief regarding humanitarian asylum. *Perez-Guerrero*, 717 F.3d 1231-33. Accordingly, we deny

4

Bautista-Garcia's petition for review as to this issue to the extent it alleges a failure to give reasoned consideration, and dismiss it for lack of jurisdiction otherwise.

## II.  MOTION TO REOPEN

In his second petition for review, Bautista-Garcia contends that, although his motion to reopen was untimely, he was entitled to equitable tolling due to his diligence in pursuing his rights and the ineffective assistance of his counsel, attorney Mei Chen.

We lack jurisdiction over Bautista-Garcia's challenges to the BIA's order denying his motion to reopen.  First, even if Bautista-Garcia's ineffective assistance of counsel claims qualified as constitutional claims under 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to consider those claims because they are unexhausted.  *See* 8 U.S.C. § 1252(d)(1) (we may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as a matter of right); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1251 (11th Cir. 2006) (we "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto").  Although Bautista-Garcia asserts his current ineffective assistance of counsel claims as to competency and his "other serious harm" humanitarian asylum claim are exhausted because he raised the issue of ineffective assistance of counsel in his motion to reopen, this only satisfies half of the exhaustion

requirement.  *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016) (stating "[a] petitioner has not exhausted a claim unless he has both raised the 'core issue' before the BIA, and also set out any discrete arguments he relies on in support of that claim" (internal citation omitted)).  While Bautista-Garcia's *pro se* motion to reopen raised the issue of ineffective assistance of counsel, his present discrete arguments, as to his competency and "other serious harm" challenge, were not presented to the BIA, and therefore, are not exhausted.  *Id.*  In other words, Bautista-Garcia exhausted an issue of ineffective assistance of counsel, but not the same ineffective assistance issue he argues to us now.

Second, Bautista-Garcia has abandoned the ineffective assistance and newly discovered evidence claims that he did exhaust before the BIA, as those arguments are not included in his brief before us.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (noting when an applicant fails to offer argument on an issue, that issue is abandoned).

Bautista-Garcia's only exhausted argument regarding reopening is his challenge to the BIA's equitable tolling decision.  But we lack jurisdiction to review that argument even if it were a legal or constitutional issue not barred by Bautista-Garcia's criminal conviction.  *See Malu v. U.S. Att'y Gen.*, 764 F.3d 1282, 1290 (11th Cir. 2014) (holding we lack jurisdiction to review claims raised by an immigration petitioner over which we would otherwise have jurisdiction, if a

6

ruling in the petitioner's favor would not affect the judgment rendered by the BIA). Because Bautista-Garcia abandoned all of the ineffective assistance and newly discovered elements claims that he argued justified reopening—that is, all of the merits of his motion to reopen—any ruling in his favor on the equitable tolling issue would not affect the BIA's judgment. Thus, our review of Bautista-Garcia's equitable tolling claim could not change the BIA's underlying decision as to the merits of Bautista-Garcia's motion to reopen, and such a review would amount to nothing more than an advisory opinion that we lack jurisdiction to render. *See Malu*, 764 F.3d at 1290. Accordingly, we dismiss Bautista-Garcia's petition for review with respect to the order denying his motion to reopen.

**PETITIONS DENIED IN PART, DISMISSED IN PART.**